Honorable Tiffany M. Cartwright

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| **ESTATE OF BOHDAN VETROV**, deceased, and **LIUDMYLA VETROV**, individually, and as legal guardian of minors V.V. and D.V., and as Personal Representative for the Estate, <br><br> PLAINTIFFS, <br><br> vs. <br><br> **CITY OF LAKEWOOD, CHIEF PATRICK D. SMITH, COLE CRANER**, and **SEAN URCKFITZ,** in their official and individual capacities, **JESSIE PHILLIPS and CHARLES HAYES** in their individual capacities, <br><br> DEFENDANTS. | No. 3:26-CV-5059 <br><br><br> **AMENDED COMPLAINT AND DEMAND FOR JURY** |

## I.    INTRODUCTION

1.1    This civil action seeks to hold the defendants accountable for the wrongful death of Bohdan Vetrov, an innocent truck driver who was killed as a result of an unauthorized, unlawful, rogue police pursuit carried out in violation of Lakewood Police Department policy and Washington State law.

1.2     In the early morning hours of June 29, 2023, Officers Cole Craner and Sean Urckfitz of the Lakewood Police Department initiated a dangerous pursuit of two juvenile suspects, driver Jesse V. Phillips and passenger Charles J. Hayes.

1.3     This pursuit was in a residential neighborhood, nearly five hours after a report of an alleged crime.

1.4     At the time the pursuit was initiated, the suspect driver was obeying traffic laws.

1.5     Officer Craner knew the driver's identity, physical description, and home address.

1.6     Rather than choose any of several lawful, low-risk alternatives for apprehension, the Defendant officers launched a pursuit without required training or certification, and without supervisory authorization or oversight.

1.7     Officers pursued the suspect driver at high speeds through a residential neighborhood, through a stop sign, and through a red-light intersection, where the suspect's vehicle collided with a semi-truck operated by Mr. Vetrov who died as a result of the collision.

1.8     This Complaint alleges claims under both state and federal law, including negligence, violations of constitutional rights under 42 U.S.C. § 1983, and municipal liability.

1.9     Plaintiffs seek accountability and compensation for Defendants' negligence, failures to follow laws, policies, and standards designed to prevent such tragedies, and compensation for the family.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

2

ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

## II.    PARTIES

2.1    Defendant CITY OF LAKEWOOD, a municipal corporation, is a lawfully constituted municipal corporation and body politic of the State of Washington, and at all times material to this action operated Lakewood Police Department ("LPD").

2.2    Defendant PATRICK D. SMITH, is, and at all times relevant was, a resident of Washington, and Chief of LPD, acting as a lawfully commissioned law enforcement officer.  Chief Smith is being sued both in his individual capacity and official capacity.

2.3    Defendant COLE CRANER, is, and at all times relevant was, a resident of Washington, and employee of LPD, acting as a lawfully commissioned law enforcement officer.  Officer Craner is being sued both in his individual capacity and official capacity.

2.4    Defendant SEAN URCKFITZ, is, and at all times relevant was, a resident of Washington, and employee of LPD, acting as a lawfully commissioned law enforcement officer.  Officer Urckfitz is being sued both in his individual capacity and official capacity.

2.5    Defendant JESSIE PHILLIPS is, and at all times relevant was, a resident of Washington. He was a juvenile at the time of the incident that resulted in Mr. Vetrov's death and is now an adult.

2.6    Defendant CHARLES HAYES is, and at all times relevant was, a resident of Washington. He was a juvenile at the time of the incident and is now an adult.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

3    ANGUS LEE LAW FIRM, PLLC    MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200    100 South 9th Street
Vancouver, WA 98665    Tacoma, WA 98402
T: 360-635-6464    T: 206.333.0773

2.7     BOHDAN VETROV, was a resident of City of Lakewood, Washington at the time he was killed as a result of the unlawful and unsafe vehicle pursuit of a juvenile driver by LPD Officers Cole Craner and Officer Sean Urckfitz.

2.8     Plaintiff ESTATE OF BOHDAN VETROV is the estate of Bohdan Vetrov, deceased, and brings this action through Personal Representative, Liudmyla Vetrov, including survival and wrongful death remedies as allowed by law.

2.9     Plaintiff LIUDMYLA VETROV brings this action in her individual capacity as the surviving spouse of Bohdan Vetrov, as Personal Representative of the Estate of Bohdan Vetrov, and as the legal guardian of minors V.V. and D.V., children of Liudmyla Vetrov and the deceased.

2.10    Plaintiff Liudmyla Vetrov and the minor children reside in Pierce County, Washington.

### III.     JURISDICTION AND VENUE

3.1     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments.

3.2     Jurisdiction is founded on 28 U.S.C. §§ 1331, and 1343 and the aforementioned statutory and constitutional provisions.

3.3     This action also includes state law claims arising from the same incident and involving the same parties.

3.4     This court can and should exercise supplemental jurisdiction over state claims and other parties under 28 U.S.C. § 1367(a), as the other claims "are so related

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

4

ANGUS LEE LAW FIRM, PLLC     MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200          100 South 9th Street
Vancouver, WA 98665                      Tacoma, WA 98402
T: 360-635-6464                              T: 206.333.0773

to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

3.5 All parties are resident in or doing business in City of Lakewood, Washington, and the Western District of the United States Federal Court for Washington, and are citizens of the United States of America.

3.6 Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims asserted herein occurred in City of Lakewood, Washington, which is in this court's district and division.

3.7 The complaint is timely filed within the applicable statute of limitations. The appropriate statute of limitations is Washington's three-year statute for personal injury claims. RCW 4.16.080. The United States Supreme Court and the Ninth Circuit have held that 42 U.S.C. § 1983, which does not contain a statute of limitations, adopts the relevant statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Stanley v. Trustees of California State University*, 433 F.3d 1129 (9th Cir. 2006).

3.8 A tort claim was properly filed with the City of Lakewood on or about November 3, 2025. Over sixty calendar days have elapsed since the claim was filed. All substantive and procedural requirements of RCW 4.96.020 have been met.

## IV.   FACTUAL ALLEGATIONS

4.1 At all times relevant, Bohdan Vetrov was a resident of Pierce County, Washington. Mr. Vetrov immigrated to the United States with his wife, Liudmyla

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

5

ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

Vetrov, seeking to build a safer and more prosperous life for their family. Together, Bohdan and Liudmyla worked to establish stability in a new country, rooted in hard work, family, and faith. Together, they raised seven children and built a life centered on family values and service to their community. Below is a picture of the family.



4.2     At the time of his death, Mr. Vetrov was employed full time as a professional commercial truck driver. He was the sole financial provider for his wife and contributed significantly to the support and upbringing of their children.

4.3     On June 29, 2023, Mr. Vetrov was killed in a collision involving a vehicle driven by Jessie Phillips. Charles Hayes was a passenger in the vehicle driven by Phillips.

4.4     At the time of the collision, Lakewood Police Department officers were pursuing Phillips.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

6

ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

4.5    The pursuit was negligent, unjustified, and in violation of department policy and Washington law.

4.6    At all times relevant, Officer Cole Craner was employed as a commissioned police officer with the LPD, was on duty, was acting within the course and scope of his employment and under color of state law.

4.7    Upon information and belief, Officer Craner was not certified in any pursuit intervention option.

4.8    Under LPD Policy 17.2.2, such certification was a mandatory precondition to engaging in a vehicular pursuit.

4.9    RCW 10.116.060 likewise required such certification.

4.10    At all times relevant, Officer Sean Urckfitz was employed as a commissioned police officer with the LPD, was on duty, was acting within the course and scope of his employment and under color of state law.

4.11    Upon information and belief, Officer Urckfitz was not certified in any pursuit intervention option.

4.12    On June 29, 2023, Officer Craner learned of alleged criminal activity that occurred at approximately 12:46 a.m.

4.13    Officer Craner believed he knew the identity of a suspect, Jesse Phillips, and the suspect's home address.

4.14    Craner documented in his report that he was "100% confident" about the identity of a juvenile suspect and his home address in the Tillicum neighborhood.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

7    ANGUS LEE LAW FIRM, PLLC    MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200    100 South 9th Street
Vancouver, WA 98665    Tacoma, WA 98402
T: 360-635-6464    T: 206.333.0773

4.15   Despite this, Craner made no attempt to coordinate a safe and lawful apprehension strategy.

4.16   Instead, Officer Craner and Officer Urckfitz positioned themselves in the neighborhood near the suspect's home.

4.17   Craner began following the suspect at approximately 5:33 a.m., about five hours after the alleged criminal activity.

4.18   When Officer Craner initially spotted the suspect vehicle, the suspect was obeying traffic laws.

4.19   After the suspect drove near Officer Urckfitz's patrol car, the suspect quickly turned.

4.20   Urckfitz, in his patrol car, also began to follow the suspect.

4.21   The juvenile suspect then increased the speed of his vehicle.

4.22   Craner, without supervisor approval or notice to a supervisor, decided to pursue the suspect through the residential neighborhood.

4.23   Urckfitz also pursued the suspect in his vehicle.

4.24   Urckfitz was behind Craner as he pursued the suspect.

4.25   Officer Craner activated his lights and sirens.

4.26   To evade the officers, the suspect recklessly blew through a stop sign in the residential neighborhood.

4.27   After the suspect ran the stop sign, officers continued to pursue.

4.28   Defendant officers failed to maintain real-time supervisory oversight and were not in direct communication on a common radio channel.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

8   ANGUS LEE LAW FIRM, PLLC   MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200   100 South 9th Street
Vancouver, WA 98665   Tacoma, WA 98402
T: 360-635-6464   T: 206.333.0773

4.29    Defendant officers had not received supervisory approval.

4.30    Defendant officers had not conducted a risk assessment.

4.31    Defendant officers had not developed a plan to safely end the pursuit.

4.32    Under the circumstances, defendant officers had no reasonable basis to conclude that immediate apprehension outweighed the risks of a high-speed pursuit.

4.33    These failures violated RCW 10.116.060 and LPD Policy 17.2.2(A)

4.34    As the unauthorized pursuit entered the intersection of Freedom Way and Interstate 5, Craner observed a red traffic signal and a semi-truck lawfully crossing the intersection from left to right in front of them.

4.35    Below is a screen capture of Craner's patrol car video showing the semi entering the intersection as the suspect vehicle approaches the red light.



Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

9

ANGUS LEE LAW FIRM, PLLC   MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200        100 South 9th Street
Vancouver, WA 98665                   Tacoma, WA 98402
T: 360-635-6464                            T: 206.333.0773

4.36   Officer Craner observed the red traffic signal.

4.37   Officer Craner observed the semi-truck lawfully crossing the intersection.

4.38   Nonetheless, Officer Craner continued the pursuit.

4.39   The suspect vehicle then ran the red light and collided with the semi-truck driven by Mr. Vetrov.

4.40   The collision is shown in the screen capture below from Officer Craner's vehicle camera.



4.41   The high-speed pursuit was a proximate cause of the collision that killed Bohdan Vetrov.

4.42   As evidenced by the aforementioned actions and omissions, Defendant Officers Craner and Urckfitz were acting with an intent to scare, endanger, or even harm the juvenile suspect rather than the legitimate law enforcement purpose of a safe arrest.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

10   ANGUS LEE LAW FIRM, PLLC   MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200   100 South 9th Street
Vancouver, WA 98665   Tacoma, WA 98402
T: 360-635-6464   T: 206.333.0773

4.43    At all times relevant, Sgt. Mark Eakes was a commissioned officer with the Lakewood Police Department and was serving as the day shift field supervisor on the morning of June 29, 2023.

4.44    After the pursuit began, Sgt. Eakes became aware that Officer Craner had initiated a pursuit.

4.45    At the time the pursuit was underway, Sgt. Eakes was physically present at the Lakewood Police Department, but not in communication with Officer Craner prior to or during the initiation of the pursuit.

4.46    Sgt. Eakes did not engage in supervisory oversight of the pursuit as required by RCW 10.116.060(1)(d)(i) and LPD Policy 17.2.2(A)(4).

4.47    Despite being the on-duty field supervisor, Sgt. Eakes was not in radio communication with Officer Craner to authorize, monitor, or direct the pursuit.

4.48    Sgt. Eakes did not participate in any required risk assessment.

4.49    Sgt. Eakes did not participate in developing a plan to terminate the pursuit.

4.50    Sgt. Eakes did not direct the use of any authorized termination tactics.

4.51    Instead, Sgt. Eakes only became aware of the pursuit after it had already begun.

4.52    This lack of oversight contributed directly to the unlawful nature of the pursuit and the resulting fatal collision.

4.53    At all times relevant, LPD policy and Washington State law prohibited police vehicular pursuits unless a suspect poses a threat to the safety of others and

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

11    ANGUS LEE LAW FIRM, PLLC    MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200    100 South 9th Street
Vancouver, WA 98665    Tacoma, WA 98402
T: 360-635-6464    T: 206.333.0773

the risks of not identifying or apprehending them are greater than the risks of the pursuit itself.

4.54   At all times relevant, LPD policy and Washington State law required supervisory oversight for police pursuits.

4.55   At all times relevant, LPD policy and Washington State law required officers to consider alternatives to a high-speed pursuit.

4.56   Defendant officers did not fully follow laws and department policies governing pursuits.

4.57   LPD failed to train, supervise, and require officers to follow department policies and state laws.

4.58   These acts and omissions demonstrate deliberate indifference.

**Lawful and Safe Enforcement Options Available**

4.59   The suspect, Jesse Phillips, was a known juvenile male whose identity and home address were confirmed by Officer Craner prior to initiating the pursuit.

4.60   There was no continuing threat to public safety posed by the suspect.

4.61   There was no exigency requiring immediate apprehension through pursuit.

4.62   Officers did not have evidence the suspect had engaged in any new criminal conduct since the alleged criminal activity five hours prior to pursuit.

4.63   Officers could have maintained a safe surveillance posture at a distance as the known layout of the Tillicum neighborhood, with only two entry/exit points, made it suitable for containment.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

12   ANGUS LEE LAW FIRM, PLLC   MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200   100 South 9th Street
Vancouver, WA 98665   Tacoma, WA 98402
T: 360-635-6464   T: 206.333.0773

4.64   Once the suspect arrived at his residence or pulled into the driveway, officers could have executed a controlled box-in maneuver using patrol vehicles to prevent escape.

4.65   Officers could have waited for the suspect to park and exit the vehicle, which would have eliminated the risks associated with vehicular flight and reduced the risk of harm to third parties.

4.66   If surveillance showed that the suspect was attempting to leave the area again, officers could have deployed spike strips – stop sticks – in accordance with policy, at a location and time that did not pose a danger to the public.

4.67   Once the suspect exited the vehicle and entered the residence, officers could have established a perimeter and used containment tactics to safely apprehend him, either by securing a search or arrest warrant or by using knock-and-announce procedures if exigent circumstances were later established.

4.68   Given the suspect's juvenile status and prior police contact, officers could have coordinated with juvenile probation officers, school resource officers, or family members to facilitate a surrender without initiating a dangerous pursuit.

4.69   Officers could have contacted their field supervisor before initiating a pursuit.

4.70   Department policy mandates supervisory oversight in pursuits, particularly where the offense is not ongoing and the suspect's identity and address are known.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

13   ANGUS LEE LAW FIRM, PLLC   MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200   100 South 9th Street
Vancouver, WA 98665   Tacoma, WA 98402
T: 360-635-6464   T: 206.333.0773

4.71   Before entering the Tillicum neighborhood, Officers Craner and Urckfitz had time and opportunity to notify a supervisor of their plan to monitor, locate, and potentially apprehend the suspect.

4.72   Department policy required supervisory oversight and approval for a vehicular pursuit.

4.73   The officers did not obtain such approval before the pursuit began.

4.74   Instead, the Defendant officers proceeded without supervisory authorization and initiated the pursuit on their own.

### The Pursuit Violated State Law and LPD Policy

4.75   At all times relevant, Lakewood Police Department Policy 17.2.2 expressly required that no officer may initiate or engage in a vehicular pursuit unless the pursuit is necessary for the purpose of identifying or apprehending the person.

4.76   Here, the identity of at least one suspect was known to officers prior to the pursuit, and the pursuit was not necessary for purposes of identification or apprehension.

4.77   Accordingly, the pursuit was initiated in violation of LPD Policy 17.2.2(A)(2).

4.78   At all times relevant, Lakewood Police Department Policy 17.2.2 expressly required that no officer may initiate or engage in a vehicular pursuit unless the person being pursued poses a threat to the safety of others, and the safety risks of failing to apprehend or identify the person are greater than the risks posed by the pursuit.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

14   ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

4.79   Here, the pursuit was initiated despite the absence of any immediate or articulable threat posed by the suspect to the safety of others, and the risks associated with the pursuit far outweighed any potential benefit.

4.80   Accordingly, the pursuit was initiated in violation of LPD Policy 17.2.2(A)(3).

4.81   At all times relevant, LPD Policy 17.2.2 required that any pursuit must be subject to supervisory oversight from its inception.

4.82   Upon information and belief, officers engaged in the pursuit without immediate supervisory oversight.

4.83   Accordingly, the pursuit was conducted in violation of LPD Policy 17.2.2(A)(4).

4.84   At all times relevant, LPD Policy 17.2.2 required that no officer may initiate or engage in a pursuit unless the officer had completed an emergency vehicle operator's course, had completed updated EVOC training within the prior two years, and was "certified" in at least one pursuit intervention option.

4.85   Upon information and belief, officers who participated in the pursuit were not so "certified."

4.86   Accordingly, the pursuit was initiated and conducted in violation of LPD Policy 17.2.2(A)(6).

4.87   At all times relevant, LPD Policy 17.2.2(F)(1)(a) required that the pursuing officer and field supervisor terminate a pursuit if the danger to the officers or to the public outweighed the necessity for immediate apprehension of the suspect.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

15   ANGUS LEE LAW FIRM, PLLC   MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200        100 South 9th Street
Vancouver, WA 98665               Tacoma, WA 98402
T: 360-635-6464                   T: 206.333.0773

4.88 Here, the pursuit involved high speeds through public roadways, presented substantial danger to uninvolved motorists, and lacked sufficient justification for immediate apprehension.

4.89 Accordingly, the failure to terminate the pursuit under these circumstances was in direct violation of LPD Policy 17.2.2(F)(1)(a).

4.90 At all times relevant, LPD Policy 17.2.2(F)(1)(b) required that the pursuit be terminated when the suspect's identity had been established to the point that later apprehension was probable and no immediate threat, other than the pursuit itself, existed to the safety of the public or officers.

4.91 Upon information and belief, here the officers knew the identify of a suspect and no immediate threat existed beyond the risks created by the pursuit itself.

4.92 Accordingly, the officers' continued engagement in the pursuit under these conditions violated LPD Policy 17.2.2(F)(1)(b).

4.93 In May 2023, the Legislature amended RCW 10.116.060 to impose stricter limits on vehicular pursuits.

4.94 The Legislature expressly declared: "This act is necessary for the immediate preservation of the public peace, health, or safety, or support of the state government and its existing public institutions, and takes effect immediately."

4.95 The amendment became effective May 3, 2023, and was in full force and effect at all times relevant to the pursuit that resulted in Mr. Vetrov's death.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

16

ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

4.96    Here, the officers involved either knew, or could have readily identified, the suspect without engaging in a high-speed pursuit.

4.97    Accordingly, the pursuit was not necessary for identification or apprehension, and was conducted in violation of RCW 10.116.060.

4.98    At all times relevant, RCW 10.116.060(1)(c) prohibited peace officers from engaging in a vehicular pursuit unless "[t]he person poses a serious risk of harm to others and the safety risks of failing to apprehend or identify the person are considered to be greater than the safety risks of the vehicular pursuit under the circumstances." This statutory requirement was in full force and effect as of May 3, 2023, and applied to the pursuit that resulted in the death of Mr. Vetrov.

4.99    Here, there was no articulable basis to conclude that the risk of not apprehending the suspect immediately outweighed the clear and substantial safety risks created by the pursuit itself.

4.100   Accordingly, the pursuit was initiated and continued in violation of RCW 10.116.060(1)(c).

4.101   At all times relevant, RCW 10.116.060(1)(d)(i) required that no vehicular pursuit may be initiated or continued unless there is supervisory oversight of the pursuit and the pursuing officer, in consultation with the supervising officer, considers alternatives to the pursuit, the justification for the pursuit, and other safety considerations, including but not limited to speed, weather, traffic, road conditions, and the known presence of minors in the vehicle.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

17   ANGUS LEE LAW FIRM, PLLC   MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200         100 South 9th Street
Vancouver, WA 98665                Tacoma, WA 98402
T: 360-635-6464                    T: 206.333.0773

4.102 An exception to this supervisory requirement exists only for agencies with fewer than fifteen commissioned officers, as stated in RCW 10.116.060(1)(d)(ii). LPD employs well over fifteen commissioned officers, and the exception therefore does not apply.

4.103 Here, the pursuit was initiated without even seeking supervisory oversight.

4.104 The pursuing officers did not engage in meaningful consultation with a supervisor regarding alternatives or safety conditions.

4.105 Further, the officers knew there was a minor or minors in the vehicle.

4.106 That fact increased the danger and likelihood of a pursuit.

4.107 Accordingly, the pursuit was conducted in violation of RCW 10.116.060(1)(d)(i).

4.108 At all times relevant, RCW 10.116.060(1)(c) required that the pursuing officer must be able to directly communicate with the supervising officer through a common radio channel or other direct means of communication.

4.109 This statutory requirement was in effect on the date of the pursuit that resulted in Mr. Vetrov's death.

4.110 Here, the officers involved in the pursuit did not maintain direct communication with a supervising officer, or with dispatch, during the pursuit.

4.111 Accordingly, the pursuit was conducted in violation of RCW 10.116.060(1)(c).

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

18    ANGUS LEE LAW FIRM, PLLC    MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200    100 South 9th Street
Vancouver, WA 98665    Tacoma, WA 98402
T: 360-635-6464    T: 206.333.0773

4.112 At all times relevant, RCW 10.116.060(1)(e) required that any officer engaging in a vehicular pursuit must have not only completed an emergency vehicle operator's course, and have completed updated emergency vehicle operator training within the previous two years, but must also be certified in at least one pursuit intervention option.

4.113 Said statute further required that emergency vehicle operator training include instruction on performing a risk assessment analysis, as described in subsection (1)(c) of the statute.

4.114 Upon information and belief, officers involved in the pursuit that resulted in Mr. Vetrov's death were not certified in any pursuit intervention option.

4.115 Officers involved in the pursuit had not received the required training on risk assessment analysis.

4.116 Accordingly, the pursuit was conducted in violation of RCW 10.116.060(1)(e).

4.117 At all times relevant, RCW 10.116.060(3) required that any vehicular pursuit that does not meet the statutory requirements set forth in the section must be terminated.

4.118 The pursuit that resulted in the death of Mr. Vetrov failed to comply with multiple mandatory conditions under RCW 10.116.060.

4.119 Because the pursuit did not satisfy the statutory prerequisites, it was required by law to be terminated.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

19   ANGUS LEE LAW FIRM, PLLC   MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200   100 South 9th Street
Vancouver, WA 98665   Tacoma, WA 98402
T: 360-635-6464   T: 206.333.0773

4.120 Accordingly, the officers' failure to terminate the pursuit was in violation of RCW 10.116.060(3).

## Ratification and Failure to Train

4.121 The Lakewood Police Department was established in 2004 and is one of the largest municipal law enforcement agencies in Washington State.

4.122 The department employs over 100 commissioned officers and includes multiple specialized units.

4.123 At all times relevant, Patrick D. Smith was the Chief of Police for LPD, acting within the course and scope of his employment and under color of state law. As Chief, he was responsible for the supervision, discipline, training, and policy enforcement of all commissioned officers within the department, including those directly involved in the pursuit that resulted in the death of Bohdan Vetrov.

4.124 Despite clear requirements under Washington State law and LPD Policy that officers must be certified in at least one pursuit intervention option before initiating any vehicular pursuit, LPD failed to ensure officers were certified.

4.125 LPD did not provide the required training, did not verify compliance, and did not enforce its own mandatory prerequisites.

4.126 This omission constituted a deliberate indifference to well-established legal and policy mandates enacted specifically to protect the public.

4.127 Following the 2023 amendments to RCW 10.116.060, LPD failed to train its officers on the new legal standards governing vehicular pursuits.

4.128 Those standards included expanded risk-assessment obligations.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059
20   ANGUS LEE LAW FIRM, PLLC   MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200   100 South 9th Street
Vancouver, WA 98665   Tacoma, WA 98402
T: 360-635-6464   T: 206.333.0773

4.129  Those standards also included supervisory-oversight requirements.

4.130  LPD had an affirmative duty under both state law and its own policy to prohibit officers from engaging in pursuits unless and until properly trained and certified, and to ensure compliance through supervision, instruction, and enforcement.

4.131  LPD's failure to fulfill these legal duties was a proximate cause of the pursuit that resulted in the wrongful death of Bohdan Vetrov.

4.132  On June 16, 2025, a public records request was submitted to the City of Lakewood through its online portal.

4.133  The request sought records relating to the June 29, 2023 pursuit and collision that resulted in Mr. Vetrov's death.

4.134  The request specifically sought training materials, policies, and procedures regarding vehicle pursuits in effect at the time of the incident.

4.135  The request specifically requested "7. Training materials, policies, and procedures regarding vehicle pursuits in effect at the time of the incident."

4.136  The City assigned internal tracking number 25-511 to the request.

4.137  On August 7, 2025, the City responded by email.

4.138  The City stated it had confirmed with the EVOC coordinator that "there are no training materials" responsive to the request.

4.139  This failure to provide training materials to officers demonstrates a deliberate indifference to the safety of the public and the Constitutional rights of citizens.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

21   ANGUS LEE LAW FIRM, PLLC   MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200   100 South 9th Street
Vancouver, WA 98665   Tacoma, WA 98402
T: 360-635-6464   T: 206.333.0773

4.140 At all times relevant, Officer Kayla Dragt was employed as a commissioned police officer with the Lakewood Police Department, was on duty, acting within the course and scope of his employment, and under color of state law.

4.141 Upon information and belief, Officer Dragt was not certified in any pursuit intervention option as required by Lakewood Police Department Policy 17.2.2 and RCW 10.116.060.

4.142 At all times relevant, Officer Dylan Warburton was employed as a commissioned police officer with the Lakewood Police Department, was on duty, acting within the course and scope of his employment, and under color of state law.

4.143 Upon information and belief, Officer Warburton was not certified in any pursuit intervention option as required by Lakewood Police Department Policy 17.2.2 and RCW 10.116.060.

4.144 At all times relevant, Officer Jack Johnson was employed as a commissioned police officer with the Lakewood Police Department, was on duty, acting within the course and scope of his employment, and under color of state law.

4.145 Upon information and belief, Officer Johnson was not certified in any pursuit intervention option as required by Lakewood Police Department Policy 17.2.2 and RCW 10.116.060.

4.146 At all times relevant, Officer Michael Cerniauskas was employed as a commissioned police officer with the Lakewood Police Department, was on duty, acting within the course and scope of his employment, and under color of state law.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

22   ANGUS LEE LAW FIRM, PLLC   MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200   100 South 9th Street
Vancouver, WA 98665   Tacoma, WA 98402
T: 360-635-6464   T: 206.333.0773

4.147 Upon information and belief, Officer Cerniauskas was not certified in any pursuit intervention option as required by Lakewood Police Department Policy 17.2.2 and RCW 10.116.060.

4.148 At all times relevant, Officer Jeremy Keisler was employed as a commissioned police officer with the Lakewood Police Department, was on duty, acting within the course and scope of his employment, and under color of state law.

4.149 Upon information and belief, Officer Keisler was not certified in any pursuit intervention option as required by Lakewood Police Department Policy 17.2.2 and RCW 10.116.060.

4.150 At all times relevant, Officer Michael Johnson was employed as a commissioned police officer with the Lakewood Police Department, was on duty, acting within the course and scope of his employment, and under color of state law.

4.151 Upon information and belief, Officer Johnson was not certified in any pursuit intervention option as required by Lakewood Police Department Policy 17.2.2 and RCW 10.116.060.

4.152 At all times relevant, Officer Mike McGettigan was employed as a commissioned police officer with the Lakewood Police Department, was on duty, acting within the course and scope of his employment, and under color of state law.

4.153 Upon information and belief, Officer McGettigan was not certified in any pursuit intervention option as required by Lakewood Police Department Policy 17.2.2 and RCW 10.116.060.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

23

ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

4.154 At all times relevant, Officer Daniel Tenney was employed as a commissioned police officer with the Lakewood Police Department, was on duty, acting within the course and scope of his employment, and under color of state law.

4.155 Upon information and belief, Officer Tenney was not certified in any pursuit intervention option as required by Lakewood Police Department Policy 17.2.2 and RCW 10.116.060.

4.156 At all times relevant, Officer Matthew Leitgeb was employed as a commissioned police officer with the Lakewood Police Department, was on duty, acting within the course and scope of his employment, and under color of state law.

4.157 Upon information and belief, Officer Leitgeb was not certified in any pursuit intervention option as required by Lakewood Police Department Policy 17.2.2 and RCW 10.116.060.

4.158 At all times relevant, Lakewood Police Department Policy 17.2.2(H)(1) required that the initiating officer complete a Pursuit Review report, attach a copy of the general report and CAD records, and submit the materials to the field supervisor who monitored the pursuit.

4.159 That supervisor was required to verify that all attachments were included and forward the report up the chain of command for administrative review.

4.160 Subsection (a) of that same policy mandates that "there shall be an administrative review of all pursuits."

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

24   ANGUS LEE LAW FIRM, PLLC   MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200   100 South 9th Street
Vancouver, WA 98665   Tacoma, WA 98402
T: 360-635-6464   T: 206.333.0773

4.161 At all times relevant, LPD Policy 17.2.2(I) also required that the Professional Standards Section submit an annual report to the Chief of Police, analyzing the results of that year's Pursuit Review reports.

4.162 Upon information and belief, no Pursuit Review report was properly completed as required by policy.

4.163 Upon information and belief, no such report was properly forwarded up the chain of command.

4.164 Upon information and belief, no meaningful administrative review occurred following the pursuit that resulted in Mr. Vetrov's death.

4.165 Alternatively, if such a report was prepared and submitted, it was reviewed by the Chief of Police.

4.166 By failing to reject the conduct, impose discipline, or require corrective action, the Chief ratified the conduct of the pursuing officers.

4.167 Said review and ratification would have occurred despite multiple, documented policy and legal violations.

4.168 LPD applied no discipline, reprimand, or retraining of officers as a result of the loss of Mr. Vetrov's life.

4.169 LPD did not conduct an internal review of the lawfulness of the police pursuit despite the loss of Mr. Vetrov's life.

4.170 These failures of LPD, among other failures, acts, and omissions, demonstrate deliberate indifference to the consequences of unconstitutional and unlawful pursuit practices.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

25    ANGUS LEE LAW FIRM, PLLC    MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200    100 South 9th Street
Vancouver, WA 98665    Tacoma, WA 98402
T: 360-635-6464    T: 206.333.0773

4.171   On or about November 3, 2025, an RCW 4.96 claim was sent to the City of Lakewood regarding the federal and state law claims presented in this complaint.

4.172   The City of Lakewood received the notice of claim at least sixty days prior to the filing of this complaint.

## V.    FIRST CAUSE OF ACTION

### NEGLIGENCE
### (LAKEWOOD)(SMITH)(CRANER)(URCKFITZ)
### (State Law)

5.1     Plaintiffs hereby restate and incorporate by reference all paragraphs of this Complaint as if fully set forth herein.

5.2     Under Washington law, the City of Lakewood and its agents, including its commissioned police officers, owe a duty of care to members of the public during the performance of official police duties, including during any vehicle pursuit.

5.3     This duty includes complying with applicable state law, agency policy, and constitutional protections designed to minimize unnecessary risks to the public.

5.4     Defendants had a duty to exercise reasonable care in conducting any attempted traffic stop or vehicular pursuit, including a duty to refrain from initiating or continuing a pursuit in violation of applicable state statutes, regulations, and Lakewood Police Department policies.

5.5     The City of Lakewood owed an independent duty to train and supervise its officers, including Officer Craner, to ensure that they were properly certified and adequately trained as required under RCW 10.116.060 and LPD Policy 17.2.2 prior to engaging in any vehicle pursuit.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

26   ANGUS LEE LAW FIRM, PLLC    MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200    100 South 9th Street
Vancouver, WA 98665    Tacoma, WA 98402
T: 360-635-6464    T: 206.333.0773

5.6     The City also had a duty to instruct and enforce compliance with its own policies prohibiting vehicle pursuits by uncertified or untrained officers.

5.7     Defendant Officers Craner and Urckfitz breached the duty of care by initiating and engaging in a high-speed vehicular pursuit through residential neighborhoods and into a red-light-controlled intersection, despite lacking proper certification, training, supervision, risk assessment, and legal authorization under state laws and departmental policies.

5.8     Officers Craner and Urckfitz's actions, omissions, and negligence violated numerous policies, rules, and laws as described in this Complaint.

5.9     Sergeant Mark Eakes, the on-duty field supervisor, failed to provide the required supervisory oversight of the pursuit in violation of RCW 10.116.060(1)(d)(i) and LPD Policy 17.2.2(A)(4).

5.10    Sgt. Eakes was not in communication with Officer Craner before or during the pursuit and took no action to authorize, monitor, or terminate the pursuit.

5.11    The pursuit violated mandatory statutory and policy requirements.

5.12    The City of Lakewood breached its duty of care by failing to implement or enforce policies and training sufficient to prevent unauthorized and unlawful pursuits.

5.13    The City of Lakewood's breach of its duty of care included allowing officers who were not certified to conduct pursuits in direct violation of state law and department policy, and in other ways as described in this Complaint.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

27   ANGUS LEE LAW FIRM, PLLC   MARK LINDQUIST LAW, PLLC
     9105A NE Hwy 99, Suite 200   100 South 9th Street
     Vancouver, WA 98665   Tacoma, WA 98402
     T: 360-635-6464   T: 206.333.0773

5.14   Defendants' acts, omissions, and negligence, and deliberate indifference, as described in this Complaint, and to be further revealed in discovery, were a proximate cause of Mr. Vetrov's wrongful death.

5.15   But for the unauthorized and unlawful pursuit, the suspect vehicle would not have entered the intersection at high speed and collided with the semi-truck Mr. Vetrov was operating.

5.16   The City of Lakewood is liable for the negligent acts of its employees and for its own negligence and deliberate indifference.

5.17   As a result, Plaintiffs have suffered, and will continue to suffer, damages, including emotional distress, grief, anguish, loss of companionship, and loss of support, in an amount to be determined at trial.

## VI.   SECOND CAUSE OF ACTION

### DEPRIVATION OF FAMILIAL RELATIONSHIPS
### (LAKEWOOD)(SMITH)(CRANER)(URCKFITZ)
### (Due Process 14th Amendment and 42 U.S.C. § 1983 *et seq.*)

6.1   Plaintiffs hereby restate and incorporate by reference all paragraphs of this Complaint as if fully set forth herein.

6.2   At all times relevant, Defendants Cole Craner, Urckfitz, and Mark Eakes were acting under color of state law in their capacities as commissioned law enforcement officers for LPD.

6.3   Each exercised governmental authority, through actions or omissions, in connection with the vehicular pursuit that resulted in the death of Mr. Vetrov.

6.4   As a direct and proximate result of the conduct of Defendants, including deliberate indifference, Plaintiffs suffered deprivation of civil rights guaranteed by

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

28   ANGUS LEE LAW FIRM, PLLC   MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200   100 South 9th Street
Vancouver, WA 98665   Tacoma, WA 98402
T: 360-635-6464   T: 206.333.0773

the Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. § 1983, to be free from the deprivation of their liberty interest in a familial relationship without due process.

6.5     As a result, Plaintiffs have suffered, and will continue to suffer, damages, including emotional distress, grief, anguish, loss of companionship, and loss of support, in an amount to be determined at trial.

6.6     The conduct of Defendants Craner and Urckfitz warrant the imposition of punitive damages under 42 U.S.C. § 1983 in an amount to be determined at trial.

## VII.    THIRD CAUSE OF ACTION

### PURPOSE TO HARM
### (LAKEWOOD)(SMITH)(CRANER)(URCKFITZ)
### (Due Process 14th Amendment and 42 U.S.C. § 1983 *et seq.*)

7.1     Plaintiffs hereby restate and incorporate by reference all paragraphs of this Complaint as if fully set forth herein.

7.2     Under the Fourteenth Amendment, when law enforcement engages in a high-speed pursuit or similar law enforcement activity outside the context of a seizure under the Fourth Amendment, liability may attach under 42 U.S.C. § 1983 if the officer's conduct demonstrates a purpose to cause harm rather than a legitimate objective of law enforcement. *See County of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998); *Est. of Soakai v. Abdelaziz*, 137 F.4th 969, 977-81 (9th Cir. 2025).

7.3     At all times relevant, Defendants Craner and Urckfitz were acting under color of state law and in the course and scope of their duties as commissioned officers of the Lakewood Police Department.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

29    ANGUS LEE LAW FIRM, PLLC    MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200    100 South 9th Street
Vancouver, WA 98665    Tacoma, WA 98402
T: 360-635-6464    T: 206.333.0773

7.4   The fatal pursuit at issue did not occur in the immediate aftermath of a violent crime or in hot pursuit of a fleeing felon.

7.5   Further, the suspect driver's identity and home address were known to the officers.

7.6   There was no immediate need or law enforcement justification for a high-speed pursuit through a residential area.

7.7   The officers' actions violated department policies and state law.

7.8   Therefore, given that the officers failed to use available, approved, and safe alternatives to apprehend the suspect(s), it is reasonable to infer from the evidence that the officers were trying to teach the suspect, or suspects, a lesson by scaring him and endangering him or harming him in a chase.

7.9   In the rogue pursuit, the officers ignored policies, laws, and common sense. This is further evidence the Defendant officers had intent beyond legitimate law enforcement.

7.10   The conduct of Defendant officers, as described in this Complaint, displayed a subjective intent to scare, endanger, and harm.

7.11   The conduct of Defendants Craner and Urckfitz was deliberately indifferent and conscience-shocking.

7.12   As a result, Plaintiffs suffer and will continue to suffer damages in an amount to be determined at trial.

7.13   The conduct of Defendants Craner and Urckfitz support the imposition of punitive damages in an amount to be determined at trial.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

30   ANGUS LEE LAW FIRM, PLLC    MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200           100 South 9th Street
Vancouver, WA 98665                  Tacoma, WA 98402
T: 360-635-6464                      T: 206.333.0773

## VIII.  FOURTH CAUSE OF ACTION

### MONELL CLAIM - RATIFICATION, PRACTICE,
### AND FAILURE TO TRAIN
### (LAKEWOOD)
### (42 U.S.C. § 1983)

8.1   Plaintiffs hereby restate and incorporate by reference all paragraphs of this Complaint as if fully set forth herein.

8.2   Defendant City of Lakewood, through the Lakewood Police Department, maintained official customs, and long-standing practices that were the moving force behind the constitutional violations described in this Complaint.

8.3   These customs and practices included a failure to train officers on updated pursuit restrictions under RCW 10.116.060, a failure to restrict uncertified officers from initiating vehicular pursuits as required by law and LPD policy, and a failure to implement oversight systems ensuring compliance.

8.4   The City of Lakewood acted with deliberate indifference to the foreseeable consequences of its failure to train, supervise, and discipline officers in a manner that conformed to constitutional standards and protect the public.

8.5   Defendant Officers Craner and Urckfitz acted pursuant to these unconstitutional policies and practices when they initiated and engaged in an unlawful pursuit that resulted in Mr. Vetrov's death.

8.6   The LPD Chief of Police, or designee, acting under color of law and with final policymaking authority for the City of Lakewood regarding vehicular pursuits, reviewed the fatal pursuit and ratified the conduct in various ways, including a failure to impose discipline, remediation, or retraining.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

31   ANGUS LEE LAW FIRM, PLLC   MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200   100 South 9th Street
Vancouver, WA 98665   Tacoma, WA 98402
T: 360-635-6464   T: 206.333.0773

8.7    Alternatively, or additionally, the Chief failed to conduct any meaningful review at all, in violation of LPD policy requiring review and annual analysis of all pursuit events.

8.8    Whether by express ratification, or by omissions, or willful inaction, the Chief's response constituted official approval of the unconstitutional conduct.

8.9    The City of Lakewood's failure to train, supervise, and discipline its officers, as well as its ratification of unconstitutional conduct, was a substantial and foreseeable cause of the violation of Mr. Vetrov's constitutional rights.

8.10    As a result of these unconstitutional customs, policies, failures, and deliberate indifference, Plaintiffs suffered damages as described in this Complaint and as will be described more fully at trial.

## IX.    FIFTH CAUSE OF ACTION

### NEGLIGENCE
### (JESSIE PHILLIPS)
### (State Law)

9.1    Plaintiffs hereby restate and incorporate by reference all paragraphs of this Complaint as if fully set forth herein.

9.2    In their Answer and Affirmative Defenses to Plaintiffs' Complaint filed on or about March 23, 2026, Defendants "assert that the following individuals are at fault for the damages alleged in Plaintiffs' complaint," and named Jessie Phillips and Charles Hayes.

9.3    Phillips, driving the suspect vehicle, negligently attempted to evade police at high speeds, in violation of speed limits and in violation of Washington law.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

32    ANGUS LEE LAW FIRM, PLLC    MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200    100 South 9th Street
Vancouver, WA 98665    Tacoma, WA 98402
T: 360-635-6464    T: 206.333.0773

9.4     Phillips negligently crashed the vehicle he was operating into Mr. Vetrov's truck and thereby killed him.

9.5     The conduct and negligence of Phillips is one of the proximate causes of Mr. Vetrov's wrongful death.

9.6     As a result of Defendants' negligence, Plaintiffs have suffered, and will continue to suffer, damages, including emotional distress, grief, anguish, loss of companionship, and loss of support, in an amount to be determined at trial.

## X.     SIXTH CAUSE OF ACTION

### NEGLIGENCE
### (CHARLES HAYES)
### (State Law)

10.1     Plaintiffs hereby restate and incorporate by reference all paragraphs of this Complaint as if fully set forth herein.

10.2     In their Answer and Affirmative Defenses to Plaintiffs' Complaint, Defendants "assert that the following individuals are at fault for the damages alleged in Plaintiffs' complaint," and named Jessie Phillips and Charles Hayes.

10.3     Upon information and belief, Hayes was involved in a string of robberies with Phillips, was with Phillips in the vehicle that crashed into Plaintiff, and was attempting to elude the police before the crash.

10.4     The conduct and negligence of Phillips was one of the proximate causes of Mr. Vetrov's wrongful death.

10.5     As a result of Defendants' negligence, Plaintiffs have suffered, and will continue to suffer, damages, including emotional distress, grief, anguish, loss of companionship, and loss of support, in an amount to be determined at trial.

Plaintiff's Complaint (Amended 1)
No. 3:26-CV-5059

33     ANGUS LEE LAW FIRM, PLLC     MARK LINDQUIST LAW, PLLC
9105A NE Hwy 99, Suite 200          100 South 9th Street
Vancouver, WA 98665                 Tacoma, WA 98402
T: 360-635-6464                     T: 206.333.0773

## XI.   INDEMNIFICATION

11.1   Plaintiffs hereby restate and incorporate by reference all paragraphs of this Complaint as if fully set forth herein.

11.2   Defendant Officers acted at all relevant times within the scope of their employment for City of Lakewood. As a result, the City of Lakewood must indemnify Defendant officers for any judgment against them.

## XII.   DAMAGES AND PRAYER FOR RELIEF

12.1   For the reasons stated above, Plaintiffs pray for the following relief:

12.2   For judgment against each of the Defendants, jointly and severally, for monetary damages, special and general, in an amount to be determined at trial;

12.3   For attorney fees and costs authorized by statute, including reasonable attorney fees pursuant to 42 U.S.C. §1988 and RCW 4.84.010;

12.4   For any other relief this Court deems equitable and just.

## XIII.   JURY DEMAND

13.1   Plaintiffs are entitled to and hereby demand trial by a jury.

DATED: Thursday, April 2, 2026.

ANGUS LEE LAW FIRM, PLLC            MARK LINDQUIST LAW, PLLC

*/s/ D. Angus Lee*                          */s/ Mark Lindquist*
D. Angus Lee, WSBA #36473          Mark Lindquist, WSBA #25076
Attorneys for Plaintiff                   Attorney for Plaintiff
9105A NE HWY 99, Suite 200          100 South 9th Street
Vancouver, WA 98665                     Tacoma, WA 98402
P: 360.635.6464 F: 888.509.8268     P: 206.333.0773
Angus@AngusLeeLaw.com               Mark@MarkLindquistLaw.com