The Honorable Tiffany M. Cartwright

Jeremy W. Culumber, WSBA #35423
Danielle Rogowski, WSBA #51548
Keating, Bucklin & McCormack, Inc., P.S.
1201 Third Avenue, Suite 1580
Seattle, Washington 98101
(206) 623-8861
Attorneys for Defendants

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF BOHDAN VETROV, deceased, and LIUDMYLA VETROV, individually, and as legal guardian of minors V.V. and D.V., and as Personal Representative for the Estate,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LAKEWOOD, CHIEF PATRICK D. SMITH, COLE CRANER, SEAN URCFITZ, JESSIE PHILLIPS, and CHARLES HAYES in their official and individual capacities,,<br><br>Defendants. | No. 3:26-CV-5059 TMC<br><br>DEFENDANTS' RULE 12(C) MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS<br><br>NOTED: SEPTEMBER 2, 2026<br>WITHOUT ORAL ARGUMENT |

## I. <u>INTRODUCTION & RELIEF REQUESTED</u>

Plaintiffs here bring a variety of claims against the City of Lakewood (the "City"), Officer Cole Craner, Officer Sean Urckfitz, Sergeant Mark Eakes, and Police Chief Patrick Smith. Several of these claims – any claim against Sergeant Eakes, negligent training/supervision against the City, and any claim against Chief Smith – should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(c).

## II. <u>STATEMENT OF FACTS</u>[1]

On June 29, 2023, co-defendant Jessie Phillips, a juvenile suspect in a string of

[1] Defendants dispute several of the facts as described in Plaintiffs' *Amended Complaint*. However, for this Motion, Defendants recognize that the facts therein are taken as true.



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

violent armed robberies, including one that had just occurred earlier that morning, was driving a stolen Kia in Lakewood, Washington. Charles Hayes, another juvenile suspect in the same string of robberies, was in the passenger seat.

Officer Cole Craner of the Lakewood Police Department saw stolen vehicle pass him, recognized it as the getaway vehicle in the recent robbery, and began to follow it through a residential neighborhood. Officer Urckfitz was in the area as well and eventually fell in behind Officer Craner. A few blocks after Officer Craner began following the stolen vehicle, Phillips rolled through a stop-sign, turned a corner, and suddenly accelerated toward a freeway on-ramp.

Officer Craner turned the corner to follow the vehicle, and activated his lights and siren. Less than three seconds later, Phillips ran a red light at high speed and collided with a semi-truck driven by Bohdan Vetrov. Vetrov's truck then collided with the barrier on the freeway overpass and Vetrov was ejected through the truck's windshield, over the barrier, and onto the freeway apron below. Phillips and Hayes were taken into custody at the scene.

Responding officers located Vetrov on the freeway apron below and administered emergency medical treatment until paramedics arrived. Mr. Vetrov was later declared deceased from his injuries.

## A. <u>PLAINTIFFS' CLAIMS</u>

Mr. Vetrov's estate, along with his wife individually, bring a variety of claims against the City defendants here.

### 1. <u>Negligence</u>

Plaintiffs' first cause of action is "negligence," and alleges the City defendants acted negligently in a number of ways:

(a) Officers Craner and Urckfitz conducted a "negligent pursuit" in violation of state law and LPD policy (*see ECF No. 20 at ¶ 5.9, 5.13, et al.*);

(b) Sergeant Mark Eakes "failed to prove the supervisory oversight of the pursuit" in violation of state law and LPD policy (*Id. at ¶ 5.11-.12*)



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

(c) Lakewood police officers "failed to provide or facilitate adequate first aid and reasonable emergency assistance to Mr. Vetrov[.]" *(Id. at ¶5.14-.15*); and

(d) The City of Lakewood "fail[ed] to adequately train, supervise, and prepare" officers for both pursuit driving and emergency medical care. (*Id. at* ¶*5.16-.17*).[2]

**2. <u>14th Amendment Due Process</u>**

Plaintiffs' second and third causes of action both allege the deprivation of their 14th Amendment due process rights. First, they allege "Defendants Cole Craner, Urckfitz, and Mark Eakes" deprived Plaintiffs of their "liberty interest in a familial relationship without due process." *Id. at* ¶*6.4* (second cause of action). Second, they then allege the actions of Officers Craner and Urckfitz were "deliberately indifferent and conscience-shocking," and "demonstrate[] a purpose to cause harm rather than a legitimate objective of law enforcement." *Id. at* ¶*7.2* (third cause of action).

**3. <u>*Monell*: Failure to Train and Ratification</u>**

Plaintiffs' fourth cause of action is a *Monell*-based claim against the City of Lakewood directly. First, Plaintiffs claim the City "maintained official customs, and long-standing practices," including "a failure to train officers on updated pursuit restrictions under RCW 10.116.060," and "failure to restrict uncertified officers from initiating vehicular pursuits as required by law and LPD policy[.]" *Id. at* ¶*8.2-.3*. And second, Plaintiffs claim the City ratified the unconstitutional actions of Officers Craner and Urckfitz through its "failure to impose discipline, remediation, or retraining." *Id. at* ¶*8.6*.[3]

## III. <u>EVIDENCE RELIED UPON</u>

This motion is based on the allegations pled in Plaintiffs' *Second Amended Complaint* (*ECF No. 20*) and the argument and analysis presented below.

## IV. <u>ARGUMENT & AUTHORITY</u>

"After the pleadings are closed – but early enough not to delay trial – a party may

[2] As discussed below, Chief Smith is listed in the heading of Plaintiffs' "Negligence" cause of action (*Id. at 28:6-9*), but is not otherwise mentioned.

[3] The *Second Amended Complaint* also makes claims against the juveniles in the stolen vehicle – Charles Hayes and Jessie Phillips – that are not addressed in this motion.



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

move for judgment on the pleadings." *Fed. R. Civ. P. 12(c)*. The Ninth Circuit has consistently held that "[b]ecause a Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion, the same standard of review applies to motions brought under either rule." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Id.* The analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because under both rules, a district court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy. *See Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015).

Here, there is clearly no basis in law for (1) any claim against Sergeant Eakes, (2) a claim of negligent training/supervision against the City, or (3) any claim against Chief Smith. Each of those claims – whether implicitly or explicitly pled – should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(c).

## A. <u>SERGEANT EAKES IS NOT A NAMED DEFENDANT</u>

Lakewood Police Sergeant Mark Eakes was the patrol supervisor on duty at the time of the incident. In their *Second Amended Complaint*, Plaintiffs admit Sgt. Eakes (1) was "present at the Lakewood Police Department" at the time of the incident, and not in any way physically involved in the alleged pursuit, (2) "was not in radio communication with Officer Craner," and therefore did not "authorize, monitor, or direct the pursuit," and (3) "only became aware of the pursuit after it had begun." *Dkt. 20 at 11:5-18*. Despite these admissions, Plaintiffs repeatedly allege Sgt. Eakes "did not engage in supervisory oversight of the pursuit" as required by law, and that "this lack of oversight contributed directly to the unlawful nature of the pursuit and the resulting fatal collision." *Id at ¶4.46, 4.52*; *see also Id. at ¶6.2-.3* (alleging Sgt. Eakes was "acting under color of law…[and] exercised governmental authority, through actions or omissions, in connection with the vehicular pursuit that resulted in the death of Mr. Vetrov.")



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

Aside from the inherent logical inconsistencies in Plaintiffs' claims, any attempt to assign liability to Sgt. Eakes here suffers from a more fundamental problem: ***Sergeant Eakes is not actually a defendant in this case***. Sergeant Eakes is not listed as a defendant on Plaintiffs' *Civil Cover Sheet*. *See Dkt. 1-1*. No summons was ever served on him, no waiver of service was ever filed on his behalf, and he never appeared through any attorney in this matter. Moreover, Sergeant Eakes has not been listed in the caption of any of the three separate complaints Plaintiffs have filed here (*see Dkt. Nos. 01, 11, and 20)*, each of which include sections titled "Parties," and none of which mention Sergeant Eakes in any way. *Id*. Finally, each of Plaintiffs' three separate complaints explicitly identify the specific defendants against whom each cause of action is alleged, and none of them include Sergeant Eakes. *See e.g., Dkt. 20 at 28:6-9, 31:12-15, 32:9-12, and 34:1-5*.

Based on the content of Plaintiffs' own complaints here, as well as the content of the case docket in general, Sergeant Eakes is not a named defendant in this action and Plaintiffs have failed to allege any cause of action against him. The City defendants respectfully requests an order dismissing any implied or intended claims against Sergeant Eakes.

## B. PLAINTIFFS' CLAIM FOR NEGLIGENT TRAINING/SUPERVISION AGAINST THE CITY SHOULD BE DISMISSED

The law in Washington — and in federal court — is clear: the purpose of negligent training and/or supervision claims against an employer "is to prevent the employer from avoiding liability for the misconduct of an employee committed ***outside the scope of employment***[.]" *Brownfield v. City of Yakima*, 178 Wn.App. 850, 877 (2014) (citing, *S.H.C. v. Sheng-Yen Lu*, 113 Wn.App. 511, 517 (2002)) (emphasis added). Accordingly, such claims are only available where "the employee who caused the harm must have acted ***outside the scope of employment***." *Id.*; *see also Anderson v. Soap Lake Sch. Dist.*, 191 Wn.2d 343, 361, 423 P.3d 197 (2018) (citing *RESTATEMENT (SECOND) OF TORTS § 317* (claims for negligent training and/or supervision are "applicable ***only*** when the [employee] is acting outside the scope of his employment.") (emphasis in original); *LaPlant v. Snohomish County.*, 162 Wn.App. 476, 480-81 (2002) *supra* ("[i]n Washington, a cause



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

of action for negligent supervision requires a plaintiff to show that an employee acted outside the scope of his or her employment."); *Evans v. Tacoma Sch. Dist. No. 10*, 195 Wn.App. 25, 47 (2016) ("The causes of action for negligent hiring, retention, supervision, and training…arise when the employee is acting outside the scope of employment.").

The law on this issue could not be clearer. Our courts have adopted this common sense rule because when an employee acts ***within*** the course and scope of his employment, the employer is ***automatically*** liable, both under *respondeat superior* and black-letter Washington law. *See RCW 4.96.010* (local government entities liable for actions of employees withing the course and scope of employment). Here, if the individual officers were negligent, then the City is automatically negligent. And if the individual officer defendants were not negligent, it makes no difference whether the City properly trained or supervised them in the first place. *See LaPlant*, 162 Wn.App. at 480-81 (relying on *Gilliam v. Dep't. of Soc. & Health Servs, Child Protective Servs.*, 89 Wn.App. 569, 950 (1998)):

> If LaPlant establishes the underlying tort, the County will be liable to the same extent as the deputies. If LaPlant fails to establish that the deputies acted negligently, the County cannot be liable, even if it was negligent in training and supervising them. As a result, LaPlant's claim for negligent supervision, under these facts, is not only improper because the County did not disclaim liability for the deputies' actions, it is also superfluous. The trial court should have granted the County's motion to dismiss.

Here, there is no dispute the individual officers were acting in the course and scope of their employment as police officers when they attempted to initiate the traffic stop. Defendants explicitly admitted to that fact in their original *Answer* (*Dkt. 9* at ¶¶4.51, 4.56-.64, 7.3) and in answer to each of Plaintiffs' subsequent complaints. *See Dkt. 14* at ¶¶4.6, 4.10, 4.123, 4.140.-.156, 11.2 and *Dkt. 20* at ¶¶4.6, 4.10, 4.123, 4.140-.156, 11.2).

Plaintiffs' claims of negligent training and/or supervision against the City of Lakewood are improper and should be dismissed with prejudice.



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

## C. **PLAINTIFFS' CLAIMS AGAINST CHIEF SMITH SHOULD BE DISMISSED WITH PREJUDICE**

Finally, Plaintiffs allege the City's Police Chief, Patrick Smith, is liable "both in his individual and official capacity." *Dkt. 20 at 3:11-12.*[4] Plaintiffs identify Chief Smith as the person "responsible for the supervision, discipline, training, and policy enforcement of all commissioned officers within the department," and explicitly list him as an individual defendant for their claims of negligence (*Id. at 28:6-8*) and deprivation of due process rights under the 14th Amendment (*Id. at 31:12-15, 32:9-12*). There are several problem with alleging these claims against Chief Smith directly.

### 1. **"Official Capacity" Claims Against Chief Smith**

Regarding Plaintiffs' claims against Chief Smith "in his official capacity," Washington law is clear that local government entities are liable for the tortious actions of their employees performed in the course and scope of their official duties. *See RCW 4.96.010*; *See also Hanson v. Carmona*, 1 Wash. 3d 362, 378 (2023)("Therefore, acts within the scope of employment are done within one's official capacity ***whether one is sued in their individual or official capacity***.)(emphasis added). As a result, any common law negligence claim against Chief Smith in his "official capacity" – as opposed to against him personally – is superfluous to a claim against the City under *respondeat superior*; a claim which is not only explicitly pled in the complaint, but exists as a matter of law based on Plaintiffs' allegations here.

The same is true for any "official capacity" claim against Chief Smith under 42 USC §1983. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office…[a]s such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985)("an official-capacity

[4] Contrary to Sergeant Eakes as described above, Chief Smith is named as a Defendant, was served, has appeared, and has answered.



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.). As a result, "when a § 1983 complaint asserts a claim against a municipal entity and municipal official in her official capacity, federal district courts routinely dismiss the official capacity claim as duplicative or redundant." *Rose v. Cnty. of Sacramento*, 163 F. Supp. 3d 787, 793 (E.D. Cal. 2016).

Here, any claim against Chief Smith in his "official capacity" is clearly redundant of (1) the City's *respondeat superior* liability for the actions of its employees in the course and scope of their duties or (2) the City's *Monell*-based liability for any constitutional deprivation. Any claim against Chief Smith in his "official capacity" should be dismissed with prejudice.

**2. <u>Negligence Claim Against Chief Smith</u>**

Second, to the extent Plaintiffs seek to allege common law negligence against Chief Smith "in his individual capacity," they fail to allege he had any direct, individual participation in the incident, or that he was even on duty that day. Nor have Plaintiffs identified any theory under which Chief Smith may be vicariously liable for the actions of the officers directly involved the incident. Theoretically, the only form of vicarious liability available would be negligent supervision which, as addressed above, it would be an "official capacity" claim for which the City is already liable under *respondeat superior*.

In the absence of any claim that Chief Smith was personally involved in the incident, Plaintiffs have no basis to hold Chief Smith liable for negligence "in his individual capacity," and any such claim should be dismissed with prejudice.

**3. <u>14th Amendment Claim Against Chief Smith</u>**

And finally, with regard to Plaintiffs' 14th Amendment claim against Chief Smith "in his individual capacity," the same problem exists. As with the negligence claim addressed above, the case law is clear that "[l]iability under section 1983 arises only upon a showing of ***personal participation*** by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

(9th Cir. 1989)(emphasis added).

> A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under section 1983.

*Id.* (*citing Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680–81 (9th Cir.1984)).

While the *Second Amended Complaint* identifies "SMITH" as a defendant in the 14th Amendment claim (*Id. at 31:12-15 and 32:9-12*), Plaintiffs fail to allege any personal participation in the incident itself, or any alleged constitutional deprivation that occurred as a result. In fact, aside from his name being listed in the heading, Plaintiffs' 14th Amendment cause of action does not otherwise mention Chief Smith ***at all***. *See Id. at 31:16-33:22*. Rather, it opens by alleging "Cole Craner, Urckfitz, and ***Mark Eakes***[5] were acting under color of state law," and goes on to allege that Officers Craner and Urckfitz "failed to use available, approved, and safe alternatives… ignored policies, laws, and common sense… displayed subjective intent to scare, endanger, and harm," and that "the conduct of Defendants Craner and Urckfitz was deliberately indifferent and conscience-shocking." *Id. at 33, passim*.

Based on Plaintiffs' own Second Amended Complaint, they have failed to allege any facts under which Chief Smith could be liable under §1983 "in his individual capacity," and any such claim should be dismissed with prejudice.

## V. <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request the Court dismiss the following claims with prejudice:

1. any and all claims against Sergeant Mark Eakes;
2. any claim against the City of Lakewood for negligent hiring, training, and/or

[5] As addressed above, Sgt. Eakes is mentioned here despite (1) not being listed as a defendant in this cause of action specifically (*Id. at 31:12-15*), and (2) not being a defendant in this case in the first place.



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

supervision;

3. any and all claims against Chief Smith "in his official capacity;"

4. any negligence claim against Chief Smith "in his individual capacity;" and

5. any §1983-based claim against Chief Smith "in his individual capacity."

DATED: August 5, 2026

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: * /s/ Jeremy Culumber*

Jeremy Culumber, WSBA #35423
Danielle Rogowski, WSBA #51548
Attorneys for Defendants

1201 Third Avenue, Suite 1580
Seattle, Washington 98101
Phone: (206) 623-8861
Fax: (206) 223-9423
Email: jculumber@kbmlawyers.com
drogowski@kbmlawyers.com

I certify that this memorandum contains 2,730 words, in compliance with the Local Civil Rules.



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiffs**

Mark Lindquist, WSBA #25076
MARK LINDQUIST LAW, PLLC
100 S. 9th Street
Tacoma, WA 98402
Phone: 206.333.0773
Email: mark@marklindquistlaw.com

**Attorneys for Plaintiffs**

D. Angus Lee, WSBA #36473
ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy. 99, Ste. 200
Longview, WA 98665
Phone: 360.635.6464
Email: angus@angusleelaw.com

DATED: August 5, 2026

*/s/ Jeremy W. Culumber*
Jeremy W. Culumber, WSBA #35423
Email: jculumber@kbmlawyers.com



KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
1201 THIRD AVENUE, SUITE 1580
SEATTLE, WASHINGTON 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423