Honorable Tiffany M. Cartwright

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ESTATE OF BOHDAN VETROV, et al,<br><br>PLAINTIFFS,<br><br>v.<br><br>CITY OF LAKEWOOD, et al,<br><br>DEFENDANTS. | No. 3:26-CV-5059-TMC<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

## I. INTRODUCTION

Defendants have not challenged the principal claims in Plaintiffs' Second Amended Complaint. Instead, Defendants apparently seek to clarify the claims against Eakes and Smith, and challenge the claims for negligent training and supervision against the City.

As to Eakes, Plaintiffs confirm Sergeant Mark Eakes is not named as a defendant and no individual claim is asserted against him. Allegations describing his supervisory role are relevant to the claims against the City and the officers, *but there is no claim against Eakes to dismiss, much less with prejudice.*

As to Smith, Plaintiffs do not oppose treating Chief Patrick Smith's official-capacity designation as redundant with the claims against the City, provided any order expressly leaves all City and *Monell* claims and the underlying factual allegations intact. Plaintiffs allege Smith was responsible for department-wide training, discipline, supervision, and



ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

policy enforcement; that the department failed to implement statutorily required pursuit training and certification safeguards; and that Smith, as final policymaker, reviewed or was required to review the fatal pursuit; and that he approved or ratified the conduct by declining discipline, remediation, or corrective training despite documented violations. Those allegations are sufficient at the pleading stage when read together and with reasonable inferences in Plaintiffs' favor. If the Court concludes greater specificity or clarity is required, the remedy is leave to amend. A dismissal with prejudice is not an available remedy.

As to the claims of negligence against the City, Defendants improperly attempt to convert Washington's rule governing the traditional tort of negligent supervision—an employer's duty to control an employee acting outside the scope of employment—into a rule immunizing the City from its own alleged negligence. Plaintiffs allege direct institutional breaches, including failure to implement and enforce mandatory pursuit safeguards and training prerequisites and failure to train and prepare officers to provide or facilitate first aid. The City cannot eliminate those theories by admitting the officers acted within the course and scope of employment. While the court could clarify that Plaintiffs may not pursue a duplicative, conventional negligent-supervision theory based solely on a duty to control particular employees. a dismissal with prejudice is not an available remedy.

## II. RELEVANT ALLEGATIONS

The Second Amended Complaint alleges that on June 29, 2023, Lakewood officers pursued a vehicle occupied by minors. Second Am. Compl. (SAC) ¶¶ 1.2, 2.5–2.6, 4.14, 4.21, 4.59, 4.105. The pursuit ended when that vehicle collided with Bohdan Vetrov's truck and caused fatal injuries. *Id.* ¶¶ 4.3–4.5, 4.22–4.27, 4.34–4.41.


ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

Plaintiffs allege that the pursuit violated statutory and departmental safeguards, including requirements governing justification, supervisory oversight, risk assessment, alternatives, termination, pursuit-intervention planning, emergency-vehicle-operator training, and certification in a pursuit-intervention option. *Id.* ¶¶ 4.22–4.33, 4.53–4.57, 4.69–4.74, 4.75–4.120; RCW 10.116.060(1)–(3) (2023).

Plaintiffs' complaint identifies Smith as Lakewood's Chief of Police and alleges that the Chief was responsible for supervision, discipline, training, and policy enforcement for commissioned officers, including those involved in this pursuit. *Id.* ¶ 4.123. It further alleges that Lakewood failed to ensure that pursuing officers were certified in a pursuit-intervention option, failed to provide required and updated training, failed to verify compliance with mandatory prerequisites, failed to enforce those prerequisites, and failed to train officers following the May 2023 amendments to RCW 10.116.060. *Id.* ¶¶ 4.124–4.131.

Plaintiffs' complaint also pleads the required post-pursuit review and Smith's own policymaking role. *Id.* ¶¶ 4.123, 4.158–4.161, 8.6. It alleges, in the alternative, that if the required pursuit-review report was prepared and submitted, it was reviewed by the Chief; that the Chief ratified the officers' conduct by failing to reject it, impose discipline, or require corrective action; and that this occurred despite documented legal and policy violations. *Id.* ¶¶ 4.158–4.167, 8.6–8.8.

Plaintiffs' *Monell* count alleges the Chief or his designee possessed final policymaking authority concerning pursuits, reviewed the fatal pursuit, and ratified the conduct by imposing no discipline, remediation, or retraining. *Id.* ¶¶ 8.6–8.8. Alternatively, the SAC alleges the Chief failed to conduct the meaningful review required by policy, and the official response communicated approval of the challenged conduct. *Id.*


ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

Finally, the complaint alleges that officers encountered or exhibiting signs of life and in critical medical distress, recognized the need for advanced life support and CPR, and failed to provide or facilitate adequate first aid before advanced medical personnel assumed care. *Id.* ¶¶ 4.173–4.189. Washington law declares that law-enforcement personnel must provide or facilitate first aid at the earliest safe opportunity to injured persons at a scene controlled by law enforcement and requires implementing guidelines and training. *Id.* ¶ 4.180; RCW 36.28A.445(1)–(2). Plaintiffs allege the City failed to train, supervise, instruct, or prepare its officers for that duty. *Id.* ¶¶ 4.186–4.189.

## III. RULE 12(c) STANDARD

A Rule 12(c) motion is governed by the same standard as Rule 12(b)(6). *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The Court is required to accept Plaintiffs' well-pleaded factual allegations as true, construe them in Plaintiffs' favor, and draw all reasonable inferences for Plaintiffs. *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment is appropriate only when, taking those allegations as true, the moving party is entitled to judgment as a matter of law. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011).

Rule 8 requires a short and plain statement giving fair notice, not a perfectly labeled legal theory or evidence sufficient for summary judgment. *Johnson v. City of Shelby*, 574 U.S. 10, 11–12 (2014) (per curiam); *Alvarez v. Hill*, 518 F.3d 1152, 1157–59 (9th Cir. 2008). The complaint must be read as a whole. For example, allegations incorporated into a claim are not ignored merely because an institutional failure is sometimes attributed to "Lakewood" or "LPD" rather than repeated after Smith's name in every paragraph.



ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

If a pleading defect can be cured, leave to amend should be granted. Fed. R. Civ. P. 15(a)(2); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (per curiam). Dismissal without leave is proper only when amendment would be futile. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117–18 (9th Cir. 2013). This important presumption favoring amendment carries particular force where a defendant seeks dismissal with prejudice at the pleading stage without showing that no additional facts could cure the asserted defect.

## IV. ARGUMENT

### A. No Individual Claim Is Pending Against Sergeant Eakes.

Plaintiffs confirm that Eakes is not named in the caption or party allegations and is not a defendant. References to him in the factual narrative and in a constitutional count describe his alleged supervisory role during the pursuit. These references and allegations do not make him a party. Fed. R. Civ. P. 10(a) requires the complaint's title to name the parties. There is thus no individual claim against Eakes. The Court should deny this request as moot.

Defendants oddly ask for a dismissal "with prejudice" of a nonparty witness. Why? A dismissal could wrongly convert a clarification about party status into a merits judgment against a nonparty. Further, a dismissal could be misconstrued to erase allegations relevant to whether a supervisor monitored, authorized, continued, or failed to terminate the pursuit, whether Lakewood's practices matched its written policy, and whether municipal policymakers later approved the conduct. Rule 12(c) provides no basis to strike relevant factual allegations, and Defendants did not move under Rule 12(f).

Therefore, any order should leave those factual allegations available for the claims actually pleaded.


ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

### B. Plaintiffs Do Not Oppose Dismissal of Smith's Redundant Official-Capacity Designation, Subject to an Express Limitation.

An official-capacity claim against a municipal officer is treated as a claim against the governmental entity. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008). Because the City is already a defendant, Plaintiffs do not oppose dismissal of Smith's official-capacity designation as redundant.

That procedural narrowing should do no more. It does not dismiss any claim against Lakewood, alter the *Monell* theories, adjudicate whether Smith was a final policymaker, remove the allegations about his conduct, or limit discovery from him. The Court should specify those limitations to prevent a redundancy ruling from being recast later as a substantive disposition of municipal liability.

### C. The Complaint Plausibly Alleges Smith's Own Conduct; Alternatively, Plaintiffs Should Receive Leave to Amend.

#### *1. Section 1983 supervisory liability does not require physical participation at the scene.*

Defendants' premise—that Smith cannot be individually liable because he did not participate in the pursuit or medical response—states too narrow a rule. A supervisor may be liable under § 1983 if "(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" exists. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The required connection may rest on the supervisor's own culpable action or inaction in training, supervision, or control; acquiescence in constitutional deprivations; or reckless or callous indifference to others' rights. *Id.* at 1205–08; *Larez v. City of Los*



ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

*Angeles*, 946 F.2d 630, 645–46 (9th Cir. 1991). Physical presence is unnecessary. *Starr*, 652 F.3d at 1205.

The complaint alleges the connecting facts. Smith was the Chief charged with training, discipline, supervision, and policy enforcement. SAC ¶ 4.123. Lakewood allegedly failed to implement training and certification controls required for pursuits, even after the May 2023 statutory amendments. *Id.* ¶¶ 4.124–4.131. The SAC alleges that the Chief or his designee possessed final policymaking authority concerning pursuits and the Chief reviewed, or was required to review, the fatal pursuit. *Id.* ¶¶ 4.165–4.170, 8.6–8.8. Despite documented violations, he allegedly imposed no discipline, remediation, or retraining and failed to reject the conduct. *Id.* Read together, those allegations plausibly identify Smith's own administration of the training and policy system and his own approval or acquiescence; they do not rely merely on *respondeat superior*.

*Larez* is instructive. There, evidence that the police chief signed a letter stating that the challenged conduct was within department policy, coupled with evidence of deficient complaint investigations, supported a finding that the chief "ratified" the conduct and was individually liable for his own culpable role. 946 F.2d at 645–46. *Christie* likewise recognizes ratification as a basis for municipal liability when an authorized policymaker approves a subordinate's decision and its basis. 176 F.3d at 1238–39. Plaintiffs acknowledge that post-event inaction, standing alone, may not establish causation for an already completed injury. But the complaint alleges ratification as part of a broader training, policy-enforcement, review, and acquiescence theory, and discovery is needed to determine what Smith knew and decided before the pursuit and what the review reveals about established policy and practice.


ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

*2. The individual negligence allegations are not based on title alone.*

The same pleaded facts distinguish the individual negligence theory from automatic liability based on office. Plaintiffs allege that Smith personally occupied the position responsible for department-wide training, discipline, and policy enforcement at the time Lakewood failed to implement mandatory pursuit and first-aid safeguards. SAC ¶¶ 4.123–4.131, 4.186–4.189. Whether those responsibilities involved ministerial delegation, personal policymaking decisions, actual notice, or reasonable reliance on subordinates is fact dependent. On the pleadings, the Court must draw the reasonable inference that the Chief alleged to possess final policymaking authority participated in maintaining or failing to implement the challenged department-wide systems.

Defendants may ultimately show that another official made the relevant decisions or that Smith lacked notice of a deficiency. But Rule 12(c) is not summary judgment. The complaint need only plausibly connect Smith to his own alleged misconduct, and it does so by identifying his responsibilities, the specific safeguards allegedly missing, the timing of the statutory change, his final authority, and his review and approval of the incident.

*3. Dismissal with prejudice is unwarranted under any view of the current pleading.*

At minimum, Defendants have not shown futility. Facts developed or capable of being alleged with greater specificity may show that Smith personally adopted or maintained the pursuit policy; received notice that officers lacked required training or certification; decided not to implement training after the May 2023 amendment; knew of prior noncompliant pursuits; failed to enforce first-aid training requirements; reviewed reports identifying violations; or approved the conduct and its basis. Those facts would bear directly on personal participation, knowledge, causation, and breach.



ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

If the Court finds the present allegations insufficient as to either individual claim, Plaintiffs request leave to amend under Rule 15(a)(2). *Eminence Capital* requires that this policy be applied with liberality, and prejudice—not the number of prior pleadings—is the touchstone. 316 F.3d at 1051–52. Defendants identify no prejudice from a focused amendment, and their motion does not establish that amendment would be futile. Any dismissal should therefore be without prejudice and with leave to allege Smith's personal pre-incident decisions, knowledge, and omissions more specifically.

**D. The Scope-of-Employment Rule Governing Traditional Negligent Supervision Does Not Eliminate Direct City Negligence.**

*1. Anderson concerns an employer's derivative duty to control an employee acting outside the scope of employment.*

Defendants rely on *Anderson v. Soap Lake School District*, 191 Wn.2d 343, 361–62, 423 P.3d 197 (2018), and related cases. *Anderson* holds that the traditional tort of negligent training and supervision derived from Restatement (Second) of Torts § 317 applies when an employee acts outside the scope of employment; when the employee acts within scope, the employer may instead be vicariously liable under agency principles. *Id.* at 361–62.

Plaintiffs do not ask the Court to disregard that rule. To the extent Count One could be read to plead only the conventional § 317 tort—that the City negligently failed to control particular employees who concededly acted within scope—Plaintiffs agree that such a duplicative formulation is unavailable. That limited proposition, however, does not support dismissal of every allegation that the City itself breached an independent duty through its own policies, training system, certification controls, and medical-response preparation. Dismissal with prejudice is, again, not an available remedy.


ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

*2. The complaint alleges the City's own operational breaches, not merely vicarious fault.*

Washington distinguishes an employer's vicarious liability for an employee's tort from direct liability based on the employer's own breach. See *Niece v. Elmview Grp. Home*, 131 Wn.2d 39, 48–52, 929 P.2d 420 (1997) (distinguishing the employer's narrow duty to control an employee under § 317 from a broader direct duty arising from the defendant's relationship to the injured person); *Anderson*, 191 Wn.2d at 368–69 (analyzing a direct negligent-protection theory separately from negligent supervision). The employee's scope of employment determines whether § 317 negligent supervision is the correct vehicle; it does not categorically negate every independent duty owed and breached by the entity itself.

Washington's most recent published authority recognizes that negligent training may differ materially from negligent hiring, retention, and supervision. In *Earl v. Campbell*, the court observed that negligent training is a "unique claim" that is potentially not redundant even when the employee acted within the scope of employment. 34 Wn. App. 2d 632, 659 n.16, 563 P.3d 394 (2025). The court illustrated the distinction with an officer who causes a pedestrian's death during a pursuit after following negligently designed pursuit training: the officer might not be negligent, while the employer's training could nevertheless be negligent and a proximate cause of the death. *Id.* Although that discussion was not necessary to *Earl's* holding concerning negligent retention, its reasoning directly addresses the pursuit-training theory alleged here and confirms that the City's course-and-scope admission does not, by itself, establish that Plaintiffs' negligent-training claim is redundant.


ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

Here, the pleaded negligence is not limited to "Lakewood should have watched Craner and Urcfitz more closely." Instead, Plaintiffs allege the City and its police department failed to implement and enforce mandatory pursuit prerequisites; failed to verify that officers had current emergency-vehicle-operator training and pursuit-intervention certification; failed to train officers on the statutory standards effective weeks before the fatal pursuit; failed to maintain a system that prevented uncertified personnel from initiating or continuing pursuits; and failed to train and prepare officers to provide or facilitate first aid at a law-enforcement-controlled scene. SAC ¶¶ 4.124–4.131, 4.173–4.189. Those are allegations of the institution's own acts and omissions.

The statutory context reinforces the distinction. RCW 10.116.060 required supervisory oversight, comparative risk assessment, consideration of alternatives, a plan to end the pursuit using available intervention options, current emergency-vehicle-operator training, and certification in at least one pursuit-intervention option; a pursuit not meeting those requirements "must be terminated." RCW 10.116.060(1)(c)–(d), (2)(d)–(e), (3) (2023). RCW 36.28A.445 directs the development of implementation guidelines that include first-aid training requirements. The complaint alleges that Lakewood's own systems failed to implement these safeguards.

At Rule 12(c), labels do not control. *Johnson*, 574 U.S. at 11–12. The Court should construe Count One according to its factual substance and preserve direct negligence theories supported by the pleaded duties and breaches. If the Court concludes the count's heading or wording does not clearly separate direct institutional negligence from conventional negligent supervision, Plaintiffs request leave to amend the label and allegations. That is a curable pleading issue. Dismissal with prejudice is, again, not an available remedy.


ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

*3. Any ruling should expressly exclude the unchallenged Monell theories.*

The Washington scope-of-employment doctrine has no application to municipal liability under 42 U.S.C. § 1983. *Monell* liability is direct and cannot rest on *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 n.7 (1978). A municipality may be liable for a deliberately indifferent failure to train, *City of Canton v. Harris*, 489 U.S. 378, 388–92 (1989), or for ratification by an official with final policymaking authority, *Christie v. Iopa*, 176 F.3d 1231, 1238–39 (9th Cir. 1999). Defendants did not move for judgment on Plaintiffs' *Monell* failure-to-train or ratification claims. Therefore, any order should not dismiss or strike allegations relevant to those viable theories.

## V. CONCLUSION

Defendants' motion should be denied except Plaintiffs acknowledge that (1) Eakes is not presently a defendant, (2) the official-capacity designation against Smith is redundant of the claim against the City, and (3) Plaintiffs cannot maintain a conventional negligent supervision theory based solely on a duty to control employees acting within the admitted course and scope of employment. The Court should deny judgment on Plaintiffs' distinct negligent training theory and leave undisturbed the negligence, *respondeat superior*, post-collision medical-aid, and Monell theories not properly disposed of by the motion. Alternatively, any dismissal should be without prejudice and with leave to amend because Defendants have not established futility.

//

//

//



ANGUS LEE LAW FIRM, PLLC
9105A NE Hwy 99, Suite 200
Vancouver, WA 98665
T: 360-635-6464

MARK LINDQUIST LAW, PLLC
100 South 9th Street
Tacoma, WA 98402
T: 206.333.0773

DATED this Thursday, August 13, 2026.

ANGUS LEE LAW FIRM, PLLC

*s/ D. Angus Lee*
D. Angus Lee, WSBA #36473
Attorneys for Plaintiffs
9105A NE HWY 99, Suite 200
Vancouver, WA 98665
P: 360.635.6464 F: 888.509.8268
Angus@AngusLeeLaw.com

MARK LINDQUIST LAW, PLLC

*s/ Mark Lindquist*
Mark Lindquist, WSBA #25076
Attorney for Plaintiffs
100 South 9th Street
Tacoma, WA 98402
P: 206.333.0773
Mark@MarkLindquistLaw.com

LCR7(e) COMPLIANCE

This brief complies with the applicable word-count limitation under LCR 7(e) because (according to word counting computer software) it contains less than 8,400 words, including section headings, footnotes, and quotations, but excluding any caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.